IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TINA H.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 7:19-cv-00172 |
| | ) |
| ANDREW SAUL, Commissioner, Social | ) By: Elizabeth K. Dillon |
| Security Administration, | ) United States District Judge |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff Tina H. brought this action for review of the final decision made by defendant, Commissioner of the Social Security Administration, denying her application for disability insurance benefits under the Social Security Act. Both parties moved for summary judgment, and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motion to U.S. Magistrate Judge Joel C. Hoppe for a report and recommendation (R&R). On July 21, 2020, the magistrate judge issued his R&R, finding that the case should be remanded pursuant 42 U.S.C. § 405(g) (sentence four) because the Commissioner's decision is not supported by substantial evidence. (R&R, Dkt. No. 23.) The Commissioner filed a timely objection on August 3, 2020. (Def..'s Obj., Dkt. No. 24.) Tina responded to the Commissioner's objection on August 17, 2020. (Pl.'s Resp., Dkt. No. 25.)

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

recommendation. Accordingly, the court will grant Tina's motion for summary judgment, deny the Commissioner's motion for summary judgment, reverse the Commissioner's decision, and remand for further proceedings.

## I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report and recommendation. (*See* R&R 3–4.)

## II. DISCUSSION

### A. Standard of Review

This court's review of the administrative law judge's (ALJ) underlying decision is limited. Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (alterations in original) (citations omitted).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has

been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements). For an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).

## B. The Commissioner's Objections

The ALJ found that Tina had the following severe impairments: lumbar spine degenerative disc disease and right knee degenerative joint disease and meniscus tear. (R&R 3; Tr. 15.) On appeal, Tina challenges the ALJ's physical residual functional capacity (RFC) finding. (R&R 5.) The magistrate judge found Tina's argument that the ALJ "failed to explain how she concluded that Tina could perform the specific demands of 'light' work" to be "persuasive," warranting remand under 42 U.S.C. § 405(g) (sentence four). (*Id.*) The magistrate judge identified two legal errors requiring reversal and remand. (R&R 6.)

First, the ALJ concluded that Tina "retained the strength to perform 'light work[]' . . . before she identified any of her 'functional limitations or restrictions [or] assess[ed] . . . her work-related abilities on a function-by-function basis, including the functions listed in the regulations.'" (*Id.* (quoting *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015).) As a result, the ALJ's explanation for giving "some weight" to an examining physician's medical opinion indicates a finding that Tina "could sit for *at least* four hours, stand/walk for *at least* two hours, and lift/carry *at least* ten pounds during an eight-hour workday." (R&R 8 (emphasis in original).) This explanation "left a gap in the ALJ's analysis" because RFC is the most an individual can do on a sustained basis for eight hours a day, five days a week; the ALJ never

discussed Tina's "'*maximum* remaining ability' to lift, carry, sit, stand, or walk on a sustained basis." (*Id.* (emphasis in original))

Second, the ALJ never explained how she concluded, based on the evidence set forth in her opinion, that Tina could actually perform the tasks required by light work. (*Id.* at 8–9.) "It is not clear why [the ALJ] limited Tina to 'occasional pushing and pulling with the lower extremities, and no operation of foot controls, based on [her] history of radicular complaints and ongoing right knee problems,' . . . but apparently still found that Tina could do 'a good deal of walking or standing' during an eight-hour workday . . . ." (*Id.* at 9.) Thus, the R&R found that the ALJ failed to build an accurate and logical bridge from the evidence she recounted to her conclusion about Tina's residual functional capacity. (*Id.*)

The Commissioner objects to the R&R's recommendation, arguing that it favors form over substance. First, the Commissioner argues that the ALJ supported her factual finding that Tina could perform a range of light work, and the magistrate judge's reasoning demands a higher standard of articulation than required under the substantial evidence standard of review. (Def.'s Obj. 3.) Substantial evidence supports the ALJ's RFC finding, the Commissioner argues, and alleged errors such as articulation must be considered in connection with the substantial evidence standard of review. (*Id.* at 3–11.)

In particular, the Commissioner insists that the R&R misconstrued the Fourth Circuit's holding in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). In *Mascio*, the court held that an ALJ must explain her decision-making process well enough for a reviewing court to understand how and why she reached her conclusions. 780 F.3d at 636. It is true that in *Mascio*, the court refused to adopt "a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis." *Id.* The magistrate judge's recommendation is not premised on

4

such a rule, and it does not require a certain level of articulation. Instead, the R&R is based on the holding in *Mascio* that remand is appropriate when the ALJ's stated reasoning "frustrate[s] meaningful review." *Id.* "[R]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where [there are] other inadequacies in the ALJ's analysis." *Id.* The Commissioner notes that the ALJ set forth a narrative discussion of the evidence considered in assessing the RFC, which is certainly the case, but the ALJ's discussion had fatal flaws, explained by the magistrate judge, which precluded meaningful review of the ALJ's reasoning. Still missing, for example, is an explanation from the ALJ as to how long she thought Tina could sit, stand, or walk, and why. This is not form over substance. Instead, it facilitates the process of meaningful judicial review in the first instance. *See Mascio*, 780 F.3d at 637 (remanding because the court was "left to guess about how the ALJ arrived at his conclusions"); *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) ("[M]eaningful review cannot rest on . . . guesswork."); *Testamark v. Berryhill*, 736 F. App'x 395, 399 (4th Cir. 2018) ("Absent [a] more thorough and well-reasoned explanation, we cannot conduct meaningful judicial review of the ALJ's conclusions.").

### III.  CONCLUSION

After a review of the record, the court concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, this court will overrule the Commissioner's objections and adopt the magistrate judge's recommendation. The court will therefore grant Tina's motion for summary judgment, deny the Commissioner's motion for summary judgment, reverse the Commissioner's final decision, and remand this matter to the Commissioner for further

proceedings.

An appropriate order will be entered.

Entered: September 17, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge